COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Willis and Senior Judge Hodges
Argued at Salem, Virginia


DONALD E. WILLIAMS,
COMMISSIONER OF THE DEPARTMENT
OF MOTOR VEHICLES OF THE
COMMONWEALTH OF VIRGINIA                     OPINION BY
                                       JUDGE JERE M. H. WILLIS, JR.
v.          Record No. 0820-94-3            JULY 5, 1995

COOPER BAILEY TERRY


                FROM THE CIRCUIT COURT OF HENRY COUNTY
                       David V. Williams, Judge

           Eric K. G. Fiske, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           briefs), for appellant.

           Ebb H. Williams, III (Ebb H. Williams, III,
           P.C., on brief), for appellee.


     By Order of Revocation and Suspension dated September 8,

1993, the Department of Motor Vehicles revoked Cooper Bailey

Terry's motor vehicle operator's license on the basis of his July

20, 1993 conviction in South Carolina of "driving while intox,

1st."  The order cited as "statutory authority" Code §§ 46.2-389

and 46.2-434, upon which statutes this case focuses.  Terry filed

in the trial court a Bill of Complaint for Injunction, praying

that the Commissioner of the Department of Motor Vehicles (the

Commissioner) be enjoined from issuing the Order of Revocation

and Suspension.  The trial court ruled that Code § 46.2-389

governed the case and that Terry's South Carolina conviction did

not bring him within the operation of that statute.  It decreed

that the Order of Revocation and Suspension be reversed and

vacated and that the Commissioner should remove the September 8, 1993 revocation from Terry's driving record.

On appeal, the Commissioner contends (1) that the trial court applied the wrong statute in constructing its comparative analysis of the Virginia and South Carolina driving while intoxicated statutes, and (2) that the trial court erred in concluding that the South Carolina statute did not substantially parallel and conform to the Virginia statute. We conclude that Code § 46.2-434, not § 46.2-389, controls the case. Therefore, we reverse the judgment of the trial court and remand the case for retrial under the provisions of Code § 46.2-434.

On July 2, 1993, Terry was arrested in Marlboro County, South Carolina and charged with "D.U.I. 1st." The uniform traffic ticket referenced South Carolina Code § 56-5-1520, but the parties agree that the correct reference was § 56-5-2930, which makes it "unlawful for narcotic users or persons under influence of liquor, drugs or like substances, to drive." The traffic ticket noted "B.A. level 0-15." The lower left quadrant of the ticket contains blanks to be filled and blocks to be checked indicating proceedings and disposition at trial. The relevant completed portions of this section state that trial was held July 20, 1993; Terry did not appear; he forfeited his bond; and a fine of $298.25 was imposed. No plea is noted. No disposition is set forth. No offense is stated as to which any presumed disposition might apply.

2

Code § 46.2-389 provides, in pertinent part:

The Commissioner shall forthwith revoke . . . the driver's license of any resident or nonresident on receiving a record of his conviction . . . of any of the following crimes, committed in violation of a state law or a valid county, city or town ordinance or law of the United States substantially paralleling and substantially conforming to a like state law . . . :

\* \* \* \* \* \* \*

2. Violation of § 18.2-266, § 18.2-272, subsection A of § 46.2-341.24 or violation of a valid local ordinance paralleling and substantially conforming to § 18.2-266 or § 18.2-272; . . . .

Code § 46.2-434 provides, in pertinent part:

The Commissioner shall suspend or revoke the license . . . of any resident of the Commonwealth upon receiving notice of his conviction, in a court of competent jurisdiction of the Commonwealth, any other state of the United States, the United States, Canada or its provinces or any territorial subdivision of such state or country, of an offense therein which, if committed in the Commonwealth, would be grounds for the suspension or revocation of the license granted to him . . . .

Ruling that Code § 46.2-389 controlled the case, the trial court constructed a five point analysis, comparing South Carolina Code § 56-5-2930 to Virginia Code § 18.2-266, which, together with Code § 46.2-341.24(A), proscribes operation of a motor vehicle while under the influence of alcohol. The trial court concluded that the South Carolina statute did not substantially parallel and conform to the Virginia statute. It held that Terry's South Carolina conviction did not bring him within the

3

operation of Code § 46.2-389.

Code § 46.2-389 does not address the case of a Virginia resident convicted in the court of a foreign state.  Rather, this statute requires the Commissioner to revoke motor vehicle operating privileges based upon convictions suffered by residents or nonresidents within Virginia.  A careful reading of the statute requires this holding.

Code § 46.2-389 requires revocation of the driver's license of "any resident or nonresident."  Virginia lacks jurisdiction to revoke the foreign-issued driver's license of a nonresident convicted in another state.

Code § 46.2-389 sets forth three jurisdictional categories of violation:  (1) a state law, (2) a valid county, city, or town ordinance, (3) law of the United States.  These three categories are followed by the modifying clause "substantially paralleling and substantially conforming to a like state law."  This modifying clause is facially ambiguous.  It can be read to modify only the third category, law of the United States, to which it is immediately attached.  It can be read to modify the entire three element sequence.  However, reading the statute in the context of its plain purpose resolves that facial ambiguity.  If the term "a like state law" is read to embrace the law of any state, the statute would operate upon a conviction under a South Carolina law that substantially paralleled and conformed to the law of any other state.  Plainly, that is not the legislature's purpose.  We

4

hold, therefore, that the standard defined by the term "state law" is the standard of Virginia law, and that the term "state law" means a law of this state. Thus, we construe Code § 46.2-389 to control cases involving convictions under (1) a law of this state, (2) a valid county, city or town ordinance of this state, or (3) a law of the United States substantially paralleling and substantially conforming to a like law of this state. This case involves no such conviction.

Code § 46.2-434 embraces the case of a Virginia resident convicted in a foreign jurisdiction. If the conviction suffered is such that it would be ground for suspension or revocation of license in Virginia, Code § 46.2-434 requires the Commissioner to impose such a suspension or revocation.

The trial court limited its analysis to the criteria of Code § 46.2-389. It made no determination as to the correctness of the Commissioner's action under Code § 46.2-434, the applicable statute. Therefore, we remand this case to the trial court for retrial under Code § 46.2-434.

The judgment of the trial court is reversed and the case is remanded.

Reversed and remanded.